UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| MARGARITO VALERO-TORRES, | ) | |
| Institutional ID No. 67713-208, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:13-CV-163-BG |
| GILES W. DALBY, | ) | ECF |
| A Private Entity, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.   Procedural History**

Plaintiff Margarito Valero-Torres filed this action on July 23, 2013, complaining of events that occurred during his incarceration at Giles W. Dalby Correctional Facility (Dalby Facility). On August 12, 2013, the United States District Court reassigned the case to the undersigned United States Magistrate Judge, and the undersigned scheduled a hearing to be held on December 12, 2013.

On November 7, 2013, the warden of Dalby Facility notified the court that Plaintiff was released to the United States Immigration and Customs Enforcement on October 1, 2013. A review of the website for the Federal Bureau of Prisons shows that Plaintiff was released from Dalby Facility. As of this date Plaintiff has not notified the court of his new address and there has been no further docket activity in this case.

**II.   Recommendation**

A district court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*,

370 U.S. 626, 630–33, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). It is, therefore, recommended that the United States District Court dismiss Plaintiff's Complaint for want of prosecution.

### III.     Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2013); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:     December 3, 2013.

NANCY M. KOENIG
United States Magistrate Judge

2